UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAY KRIPALANI M.D., P.C.,

        Plaintiff,

  -against-

UNITED HEALTHCARE CROUP *doing business as* UNITED HEALTHCARE, *et al.*,

        Defendants.
-------------------------------------------------------------------X

**ORDER**

2:24-cv-05671 (NJC) (JMW)

**A P P E A R A N C E S:**

    **Amish R. Doshi, Esq.**
    Doshi Legal Group, P.C.
    1979 Marcus Avenue
    Suite 210E
    Lake Success, NY 11042
    *Attorneys for Plaintiff*

    **Matthew Paul Mazzola, Esq.**
    Robinson & Cole LLP
    666 Third Ave
    Ste 20th Floor
    New York, NY 10017
    *Attorney for Defendant Debbie Sorg*

**WICKS,** Magistrate Judge:

Presently before the Court is Defendant United Healthcare Service LLC s/h/a United Healthcare Group d/b/a United Healthcare's ("Defendant") motion for a stay of discovery (ECF No. 19) pending resolution of its motion to dismiss the Complaint (ECF No. 18), which is sub judice before the Hon. Nusrat J. Choudhury. Plaintiff consents to the motion for a stay (*see* ECF No. 19 at 1), but of course vehemently opposes the motion to dismiss (*see* ECF No. 18-4).

Although the motion to stay is unopposed, the Court nonetheless undertakes a review to determine whether a stay is warranted, mainly because a request to stay litigation is seemingly at odds with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  For the reasons set forth below, the Court concludes a stay of discovery is warranted, and thus Defendants' motion (ECF No. 19) is **GRANTED**.

## I. BACKGROUND

The allegations of the Complaint (ECF No. 1) are assumed true for purposes of both this and the motion to dismiss.

Plaintiff is a professional corporation that employs surgeons,  including Jay Kripalani, M.D. (a non-party) that provided emergency medical and continuing care services to its patient, identified in the Complaint as "K.R" ("Patient"). Plaintiff alleges that K.R. participated in the employer American Express Company's employee welfare benefit plan (*i.e.*, the American Express Welfare Benefits Plan (the "Plan")), which is governed by the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001, *et. seq.* ("ERISA"). Benefits under the Plan are self-funded by the Plan Sponsor, American Express Company, and claims under the Plan, including the claims at issue in this case, are administered by Defendant – the Plan's claim administrator. Plaintiff alleges that it submitted a claim to Defendant on behalf of K.R. for benefits under the Plan related to emergency medical and continuing care services provided to K.R. at an unidentified hospital from August 17, 2021 through October 13, 2021. Plaintiff alleges that it billed Defendant for the medical services rendered to K.R. in the amount of $1,536,884, and that Defendant paid these claims in the amount of only $15,910.70. Plaintiff is claiming entitlement to the full billed charges from Defendant and is therefore seeking the delta

or shortfall of $1,520,973.30. Plaintiff's Complaint asserts two causes of actioounts for: (1) violation of ERISA; and (2) unjust enrichment.

## II.  THE LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). In addition, consideration of the nature and complexity of the action, whether *some* or *all* defendants joined in the request for a stay, as well as the posture or stage of the litigation. *Id.* (citation omitted). The fact that Plaintiff consents to a stay is only a factor to be considered.

It is against this backdrop that the Court considers the present application.

3

## III. DISCUSSION

### A. Whether Defendant Has Made a Strong Showing That Plaintiff's Claims Are Unmeritorious

Perhaps this prong is the most important consideration in determining whether a stay should be granted. Defendant asserts that the stay ought to be granted because the entirety of Plaintiff's Complaint is subject to dismissal with prejudice on various grounds. Plaintiff disputes the likely outcome of the motion to dismiss, but nevertheless consents to a stay of discovery.

First and foremost, Defendant claims Plaintiff lacks standing to assert claims under ERISA. That is, only an ERISA plan participant or beneficiary can assert claims for benefits allegedly owed under an ERISA controlled plan like the one at issue here. Plaintiff is neither a "Plan participant" nor beneficiary, and therefore has no right to pursue the claim. Furthermore, nowhere is it alleged that Plaintiff has derivative standing to bring a claim under ERISA through a valid assignment. (ECF No. 18-3). This defense, if successful, would result in a dismissal with prejudice.

Plaintiff counters that there was an assignment of benefits from Patient to Plaintiff, which it claims is an exception to the ERISA standing requirement. (ECF No. 18-4, at 6-7). Furthermore, to the extent Defendant relies on an anti-assignment provision, that was waived due to the de minimus partial payments made to date. *Id.* Significantly, however, these allegations of a valid assignment appear nowhere in the complaint, but rather only in Plaintiff's memorandum of law in opposition to the motion to dismiss (ECF No. 18-5, at 1). Also, according to Defendant, a direct payment to a provider does not constitute a waiver of the Plan's anti-assignment provision, which states "The Claims Administrators may issue payments directly to your providers for covered services you receive (whether or not pursuant to an authorization).

4

The Claims Administrators' payment to your provider, however, does not create an assignment of benefits and it will not constitute a waiver of the application of this anti-assignment provision."  (See ECF No. 18-5, at 3.)

Having reviewed the arguments advanced on the motion to dismiss, it appears that Defendant has on its face made a strong showing that the Complaint may be unmeritorious at this juncture.[1] This conclusion, however, in no way prejudges the ultimate disposition of the motion or the merits of the case, but only for purposes of deciding whether a stay is appropriate.

Defendant also relies on preemption.  That is, Defendant argues that the health benefit plan at issue is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and as such, the state law unjust enrichment cause of action is preempted by ERISA as to each of the claims governed by ERISA.  Even if, however, the ERISA claims survives dismissal, then discovery would be far more limited since the state law claims are expressly preempted by ERISA.  Discovery, it posits, would be limited to the administrative record for the parties whose claims are at issue.

### B.  <ins>Breadth of Discovery and the Corresponding Burdens</ins>

The breadth and burden of discovery do not appear to be "substantial" here.  However, the *path* of discovery could be vastly different depending upon which, if any claims survive the motion to dismiss.  Whether discovery is ultimately limited to what might constitute and administrative record or broader, depends upon the ultimate viability of the unjust enrichment claim.

---

[1] This does not take into account whether leave to amend under Fed. R. Civ. P. 15 would be granted in light of the allegations in the motion that Plaintiff relies on matters outside the pleading to establish standing.

C. **<u>Risk of Unfair Prejudice if Stay is Granted to the Party Opposing the Stay</u>**

It appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the decision on the motion to dismiss. Even if the motion is denied, discovery is likely to be somewhat limited, and focused on the records used to determine payments to the Patient. A relatively focused, concise discovery schedule could then be imposed.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 19) is **GRANTED**. In the event the underlying motion to dismiss is denied in any respect, the parties shall file a proposed discovery schedule within 10 days of Judge Choudhury's decision on the motion.

Dated: Central Islip, New York
January 3, 2025

**S O   O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge