**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jay Kripalani M.D. P.C.,<br><br>Plaintiff,<br><br>-v-<br><br>United HealthCare Group *doing business as* United Healthcare, John Doe 1-5, and Jane Doe 1-5,<br><br>Defendants. | 2:24-cv-5671<br>(NJC) (JMW) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On August 18, 2024, Jay Kripalani M.D., P.C. ("Kripalani") commenced this action against United Healthcare Group d/b/a United Healthcare ("United Healthcare"), John Does 1–5, and Jane Does 1–51, bringing claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., the Affordable Care Act as incorporated into ERISA, 42 U.S.C. § 300gg-19a, the Internal Revenue Code provision that implements ERISA, 26 CFR § 54.9815-2719A, and New York common law for unjust enrichment. (Compl., ECF No. 1.)[1] Kripalani seeks to recover reimbursement payments following his provision of medical services to non-party patient K.R. United Healthcare filed a motion to dismiss the Complaint, which Kripalani opposed. (ECF No. 18.)

[1] The Complaint alleges that "John Does 1–5 and Jane Does 1–5 are persons or entities unknow[n] at this time, who are representatives or related entities to United Healthcare Group and/or acting on behalf of same." (Compl. ¶ 7.) None have been identified or have entered an appearance in the action.

I referred the motion to Magistrate Judge James Wicks, who issued a report and recommendation ("R&R") recommending that I grant the motion. (ECF No. 26.) Both Kripalani and United Healthcare filed objections to various recommendations in the R&R. (Objs., ECF No. 28; Objs. Resp., ECF No. 30.) I review these objections de novo.

For the reasons explained below, I adopt the thorough and well-reasoned R&R and grant the motion to dismiss without prejudice and with leave to amend under Rule 15(a)(2), Fed. R. Civ. P.

**BACKGROUND**

This Memorandum and Order incorporates by reference and assumes familiarity with the facts and procedural background set forth in the R&R. (R&R at 2–4.) It begins with a brief summary of the R&R's recommendations and the parties' objections.

The R&R recommended that this Court grant the Defendant's motion to dismiss for two overarching reasons. First, it found that Kripalani lacks standing to pursue ERISA claims because the Complaint fails to allege that Kripalani is a participant or beneficiary of a healthcare plan subject to ERISA or the recipient of any plausible valid assignment from a patient who is the beneficiary of such a plan. (R&R at 10–13.) In reaching this conclusion, the R&R noted that Kripalani's reimbursement claims are premised on United Healthcare's role as the administrator of a self-funded health care plan subject to ERISA ("the Plan") responsible for the payment of K.R.'s medical services, and that the ERISA Plan at issue includes an anti-assignment provision. (*Id.*; ECF No. 18-2 at 144.) Second, the R&R determined that the state law unjust enrichment claim must be dismissed as preempted by ERISA. (*Id.* at 13–17.) The R&R further recommended that, if I were to conclude that ERISA does not preempt the unjust enrichment claim pled in the Complaint, I should find that the claim is plausible. (*Id.* at 17–18.)

Kripalani makes two principal objections. First, he argues that "United Healthcare was fully aware, throughout the entire claim submission process, that Kripalani was claiming status of an assignee of the beneficiary, in an amount over a million dollars, and not once raised any objection to this status or the existence of its 'anti-assignment clause.'" (Objs. at 4.) According to Kripalani, United Healthcare's direct communications with Kripalani in the claim submission process and its remittance of a partial payment constituted a waiver of the anti-assignment clause of the ERISA Plan at issue or conduct sufficient to invoke estoppel to prevent United Healthcare from asserting the anti-assignment clause. (*Id*. at 3–5.) Second, Kripalani argues that his unjust enrichment claim is not preempted by ERISA because the dispute arises from United Healthcare's obligations under New York common law, not the contention that United Healthcare made an improper payment under the Plan. (*Id*. at 6–10.)

United Healthcare disagrees on both points and makes its own objection to the R&R's findings concerning the plausibility of the unjust enrichment claim. (Objs. Resp.) First, it maintains that because Kripalani "is simply looking to reargue the arguments already considered by Magistrate Judge Wicks, this Court should review Plaintiff's Objections to the R&R under the clear error standard." (*Id.* at 5.) Second, United Healthcare contends that Kripalani lacks standing to bring ERISA claims because the Complaint fails to include any allegations pertaining to assignment at all, much less any plausible allegations that Kripalani obtained an express oral or written assignment from the patient or that United Healthcare engaged in any conduct that waived the clear and unambiguous anti-assignment clause in the Plan. (*Id.* at 6.) Third, it argues that ERISA clearly preempts Kripalani's state unjust enrichment claim because the allegations of the Complaint show that this claim arises out of the Plan. (*Id.* at 15.) Finally, United Healthcare takes the position that if the unjust enrichment claim is not dismissed as preempted by ERISA, it

should be dismissed under Rule 12(b)(6) because the Complaint fails to plead a plausible claim. (*Id*. at 21–24.)

**LEGAL STANDARDS**

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected." *Bristol v. Noeth*, No. 17-cv-4220, 2026 WL 1743337, at *10 (E.D.N.Y. June 17, 2026); *see also* 28 U.S.C. § 636(b)(1)(C). However, "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" the court may review them for clear error. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025). Where a litigant's objections take "issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Id.*[2] Further, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id*. at 359; *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (affirming district court's decision to disallow objections advancing an argument that "had not been raised during summary judgement proceedings before the Magistrate Judge").

**DISCUSSION**

**I. Objections**

Because Kripalani timely objected, I consider his objections de novo notwithstanding the fact that a number of his arguments simply repeat points made in opposition to the motion

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

to dismiss. Each objection is unpersuasive and unsupported by the allegations of the Complaint and governing law.

A. <u>ERISA Claims</u>

Kripalani fails to demonstrate that he has standing to bring ERISA claims as a plausible participant or beneficiary of the Plan or as the recipient of a valid assignment from K.R.

Typically, to bring an ERISA claim, a plaintiff must show that a plan is covered by ERISA, that they are a participant or beneficiary, and that they were denied a benefit under the plan. *Murphy Med. Assocs., LLC v. Yale Univ*., No. 24-944, 2024 WL 4656321, 1107, 1113 (2d Cir. Nov. 4, 2024). Courts recognize a "narrow exception" that permits a "provider[] to whom a beneficiary has assigned his claim in exchange for health care" to bring a civil action under ERISA § 502. *Id.* Because Kripalani concedes that he is not a Plan beneficiary or participant, his standing to bring ERISA claims hinges upon whether he received a valid assignment of K.R.'s claims or United Healthcare waived the anti-assignment clause in the Plan.

As a threshold matter, in resolving these issues, which are central to standing, I review the Plan because it is integral to the Complaint. When a party raises a facial challenge to the court's subject matter jurisdiction, such as by attacking the plaintiff's standing, "the plaintiff has no evidentiary burden"; the district court need only "determine whether the [p]leading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016); *see also Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). In assessing a facial challenge to standing, a court "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

Here, the Complaint references the Plan more than seven times. It alleges, among other things:

- "Defendant has failed to properly reimburse Plaintiff, in violation of ERISA, which governs the present scenario, of a health plan's administrator's duty visa-a-vis a self-funded plan for an out-of-network provider, for emergency medical services." (Compl. ¶ 11.)

- "Defendant is acting as an administrator of a self-funded health plan maintained by the Patient's employer and authorizes, processes and pays health claims to providers, such as the Plaintiff, for all employees of the Employer, such as the Patient." (Compl. ¶ 14.)

- The ERISA's provisions codified at 42 USC § 300gg-19a and its implementing regulations at 26 C.F.R. § 54.9815-2719A, "provide for patient protections and responsibilities for administrators of a self-funded plan, such as the Defendant, where a patient receives emergency medically necessary services from an out-of-network provider," and require protection of the patient "such that the patient should not pay more than what they would have paid if a [sic] in-network doctor provided the services." (Compl. ¶¶ 30, 33.)

- "Here, the Defendant has failed to fulfil its duty to properly reimburse the Plaintiff in violation of applicable provision [sic] of ERISA." (Compl. ¶ 35.)

According to these allegations, Kripalani's ERISA claim is premised both on United Healthcare's status as "an administrator of a self-funded health plan" subject to ERISA and maintained by K.R.'s employer and on the notion that the ERISA provisions codified at 42 USC § 300gg-19a and its implementing regulations at 26 C.F.R. § 54.9815-2719A require United Healthcare to reimburse Kripalani for K.R.'s emergency medical care. In other words, the Complaint alleges that United Healthcare's status as an ERISA plan administrator and the provisions of ERISA give rise to United Healthcare's reimbursement obligations to Kripalani for medical services provided to K.R. Under such allegations, the Plan is integral to the Complaint and may be reviewed in resolving United Healthcare's motion to dismiss the ERISA claim under Rule 12(b)(1) for lack of standing. *See Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025) (holding that a document is "integral to a complaint" where the "complaint relies heavily upon

its terms and effect"); *Nathaniel L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 22-cv-971, 2023 WL 3318489, at *3 (N.D.N.Y. May 9, 2023) ("[C]ourts routinely find that ERISA plan documents are integral to the complaint and therefore may be considered in deciding a motion to dismiss."); *Da Silva Plastic & Reconstructive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 22-cv-07121, 2025 WL 240917, at *8 (E.D.N.Y. Jan. 17, 2025) (same); *cf. Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) (permitting review of a document integral to the complaint on a Rule 12(b)(6) motion).

Here, the Plan includes the following anti-assignment provision:

> The Medical Plan prohibits assignment of benefits. All rights to benefits under the Medical Plan are personal to you. *Your rights and benefits under the Medical Plan cannot be assigned, sold, or transferred to a third party, including your health care provider*. This includes your right to payment or reimbursement for benefits under the Medical Plan and your right to file a lawsuit to recover benefits due to you under the Medical Plan. *Any purported assignment of rights or benefits is void and will not be recognized by the Medical Plan*.
>
> The Claims Administrators may issue payments directly to your providers for covered services you receive (whether or not pursuant to an authorization). *The Claims Administrators' payment to your provider, however, does not create an assignment of benefits and it will not constitute a waiver of the application of this anti-assignment provision*.

(ECF No. 18-2 at 144 (emphasis added).)

The Complaint never alleges that Kripalani is a Plan participant or beneficiary. (*See* Compl.) Nor does it include even a single allegation concerning the existence of an assignment from K.R. to Kripalani, whether an express written or oral assignment or an assignment implied through conduct. (*Id.*)

Kripalani first argued that he received an assignment in his brief opposing United Healthcare's motion to dismiss. (Opp'n at 6, ECF No. 18-4.) In oral argument on the motion to dismiss, Kripalani contended that United Healthcare's communication with Kripalani during the

claim submission process and its payment of a small sum to Kripalani demonstrated an implied waiver of the Plan's anti-assignment provision. (*See* R&R at 10.)

Here, the Complaint fails to allege in any way—much less plausibly allege—that United Healthcare waived the Plan's anti-assignment provision in any way—whether through any oral or written agreement or through its course of conduct with respect to Kripalani's efforts to secure payment. (*See* Compl.) Kripalani's contention that "United Healthcare *never* objected to Kripalani's claimed status as an assignee of the beneficiary or the existence of an anti-assignment clause" (Objs. at 4 (emphasis in original)) is not only a rehash of the arguments made in response to United Healthcare's motion to dismiss, it is immaterial for two reasons.

First, the Complaint does not include any allegations that Kripalani informed United Healthcare that he was an assignee of K.R. or that United Healthcare never objected after receiving such a report. Further, Kripalani cannot amend the Complaint by raising arguments in opposition to a motion to dismiss. *In re Platinum-Beechwood Litig.*, No. 18-cv-10936, 2020 WL 30335, at *2 n.1 (S.D.N.Y. Jan. 2, 2020) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Second, and more importantly, even assuming that Kripalani told United Healthcare that he was an assignee and that the latter did not explicitly object or otherwise invoke the Plan's anti-assignment clause, such conduct does not plausibly allege a clear and unmistakable waiver of the anti-assignment provision as required. *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 285 (E.D.N.Y. 2021) ("Waiver requires 'a clear manifestation of an intent . . . to relinquish [a] known right.'" (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 585 (2d Cir. 2006)). At best, Kripalani's characterizations of United Healthcare's conduct alleges silence,

which is insufficient to support a finding that it waived its rights under the Plan's anti-assignment clause.

Second, Kripalani's reliance on Judge Morrison's decision in *Jay Kripalani M.D., P.C. v. Indep. Blue Cross* is unavailing because that case is easily distinguishable. No. 23-cv-4225, 2024 WL 4350492 (E.D.N.Y. Sept. 30, 2024). Judge Morrison denied a motion to dismiss the operative complaint because it included plausible allegations of an implied assignment. 2024 WL 4350492, at *10. Central to that conclusion were allegations that the "Plaintiff and Defendant engaged in a few rounds of telephone negotiations . . . result[ing] in *Defendant agreeing to a total payment* of $259,979.20 to Plaintiff" for the services. 2024 WL 4350492, at *1. (emphasis added). By contrast, the Complaint in this action does not include a single allegation that United Healthcare engaged in any conduct that could constitute an implied waiver, much less an agreement to pay Kripalani. (*See* Compl.) Rather, it simply alleges that the parties engaged in a few rounds of telephone negotiations and that "Defendant made a *random and arbitrary* payment in the total amount of [$]15,910.70 to the Plaintiff." (Compl. ¶ 25 (emphasis added).) Here, there is no allegation that Kripalani and United Healthcare came to any sort of payment agreement. Moreover, "[a]lthough some courts in this Circuit have held that payment to a provider constituted waiver of an anti-assignment provision, those cases involved a 'long-standing pattern and practice of direct payment' – such facts are not alleged here." *N. Jersey Plastic Surgery Ctr., LLC v. 1199SEUI Nat'l Benefit Fund*, No. 22-cv-6087, 2023 WL 5956142, at *11 (S.D.N.Y. Sept. 13, 2023).[3]

[3] Kripalani also relies on other cases that are easily distinguishable. (*See* Objs. at 4.) All of the in-Circuit decisions that Kripalani cites in support of his waiver argument are factually distinct as they involved far more direct and sustained contact and negotiation between the physician and

Finally, Kripalani makes a passing reference to the notion that United Healthcare should be "estopped" from enforcing the Plan's non-assignment clause, but he fails to provide any controlling caselaw. (Objs. at 4.) Rather, he relies on only *Productive MD, LLC v. Aetna Health*, Inc., 969 F. Supp. 2d 901, 925 (M.D. Tenn. 2013), an out of Circuit case in which a district court in Tennessee applied the implied waiver standard set forth in Tennessee law, which considers estoppel. Kripalani fails to show that the same standard applies here. Although not cited in his objections, in his opposition to United Healthcare's motion to dismiss, Kripalani relied on *O'Rourke v. Pitney Bowes, Inc.*, No. 95-cv-10288, 1997 WL 431091, at *8 (S.D.N.Y. July 31, 1997). (Opp'n at 10.) However, *O'Rourke* is inapposite. While the district court in *O'Rourke* explained that the doctrine of promissory estoppel can apply in the context of ERISA claims, it declined to apply estoppel in that action because there were no damages from the plaintiff's

---

the insurer than that alleged here. *See Da Silva and Reconstructive Surgery, P.C. v. Cigna Health and Life Insurance et. al*, No. 23-cv-00585, ECF No. 41 at 11 (E.D.N.Y. July 15, 2024) (permitting discovery on the issue of waiver where there were "substantial dealings" between the plaintiff and the insurance carrier); *Neuroaxis Neurosurgical Assocs., PC v. Cigna Healthcare of New York, Inc.*, No. 11-cv-8517, 2012 WL 4840807, at *3 (S.D.N.Y. Oct. 4, 2012) ("CIGNA's long-standing pattern and practice of direct payment to Neuroaxis is sufficient to show its consent to Neuroaxis' assignments."); *Neurological Surgery, P.C. v. Oxford Health Plans (NY), Inc.*, No. 18-cv-560, 2020 WL 13931876, at *8 (E.D.N.Y. Oct. 30, 2020) (finding plausible waiver of an anti-assignment clause where defendant made multiple payments to plaintiff and granting discovery as to any waiver "because the Plaintiff has specifically requested it"); *Neurological Surgery PC v. Empire Healthchoice HMO, Inc.*, 14-cv-07585, ECF No. 49 at 9 (E.D.N.Y. Mar. 30, 2016) (finding waiver because "Plaintiffs allege *hundreds of communications* between Empire and plaintiffs regarding the claims and argue that Empire never raised the NI assignment clauses" (emphasis added)).

The out-of-Circuit cases are also distinguishable. *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 926 (M.D. Tenn. 2013), is not relevant because, as explained below, the district court applied Tennessee waiver law in that action, and Kripalani has failed to show that such law applies here. Kripalani similarly fails to show that *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, relies on waiver standards that would apply in this action. No. 08-cv-6160, 2009 WL 3233427, at *5 (D.N.J. Sept. 30, 2009).

reliance on any promise made by the defendant. *See id.* (recognizing that in the ERISA context, the elements of promissory estoppel are "(1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced"). Here, the Complaint does not allege that United Healthcare ever promised Kripalani anything, much less any reliance on such a promise by Kripalani or injury caused by such reliance. Accordingly, there are no plausible allegations in the Complaint that would support the conclusion that United Healthcare is prevented from invoking the Plan's anti-assignment clause by application of the doctrine of promissory estoppel.

For these reasons, the Complaint fails to allege that Kripalani is a Plan participant or beneficiary or the recipient of a valid assignment from a patient who is a beneficiary of the Plan. Accordingly, Kripalani lacks standing to pursue ERISA claims against United Healthcare, and these claims are dismissed under Rule 12(b)(1).

B. Unjust Enrichment Claim

Because the ERISA claims must be dismissed, this Court must have an independent basis for jurisdiction to address Kripalani's unjust enrichment claim against United Healthcare. It may exercise diversity jurisdiction over this claim under 28 U.S.C. § 1332(a) for the reasons set forth in the R&R, which are incorporated by reference here. (*See* R&R at 13–14.) However, Kripalani fails to show that the unjust enrichment claim against United Healthcare is not preempted by ERISA.

ERISA § 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144. This "is clearly expansive." *Off. Create Corp. v. Planet Ent., LLC*, 140 F.4th 96, 102–03 (2d Cir. 2025). Accordingly, "ERISA expressly preempts state laws that 'relate to' employee benefit

plans . . . . A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.*

Kripalani's unjust enrichment claim not only relates to the Plan but is rooted in it. While the Complaint lacks details about the coverage and rates set forth in the Plan, Kripalani's unjust enrichment claim is premised on United Healthcare's status as an administrator of a self-funded health plan subject to ERISA. The Complaint alleges that Kripalani "provided the emergency medically necessary services to the Patient, *who was insured by a self-funded Plan administered by the Defendant*." (Compl. ¶ 46 (emphasis added).) It further alleges that United Healthcare "receives premiums from the Patient, which among other things, are towards the administering, processing and paying the benefits for health claims submitted to Defendant on behalf of the Employer." (*Id.* ¶ 48.) According to the Complaint, United Healthcare "is wrongfully in possession of the Amounts Due" to Kripalani (*id.* ¶ 50) because of its obligation to pay healthcare providers on behalf of plan beneficiaries, including K.R. These allegations plausibly allege a clear connection between Kripalani's unjust enrichment claim and the Plan, such that ERISA preempts the claim. Thus, the unjust enrichment claim is preempted by ERISA. *See Off. Create Corp.*, 140 F.4th at 102–03.

Kripalani objects to this conclusion on the basis that the R&R fails to grapple with the authorities on which he relied in opposition to the motion to dismiss. (Objs at 9.) However, unlike this action, at least some of the claims in the cases identified by Kripalani did not relate to an ERISA Plan.

First, Kripalani's reliance on the summary judgment opinion in *Emergency Physician Services of New York v. UnitedHealth Group, Inc.* is unavailing. Rather, Judge Nathan's ruling on the motion to dismiss in that action made clear that the defendant's alleged liability did "not

derive from the particular rights and obligations established by any benefit plan" and that the plaintiffs did not "allege a violation of any plan provision." No. 20-cv-9183, 2021 WL 4437166, at *8 (S.D.N.Y., 2021). Moreover, *Emergency Physician Services* is distinguishable because the defendants' alleged payment obligation underlying the unjust enrichment claim did not arise from an ERISA plan, but an obligation to pay under a New York statute: N.Y. Fin. Serv. Law § 605(a). *Emergency Physician Servs.*, 2021 WL 4437166, at *8. No such statute is invoked in the Complaint here. In other words, while the unjust enrichment claim in *Emergency Physician Services* was not based on an alleged "violation of any [ERISA] plan provision," *id*., here the claim that United Healthcare retained the "Amount Due" to Kripalani is premised on allegations that United Healthcare is obligated to administer the terms of the Plan, but has failed to do so with respect to medical services provided to K.R. *See* Compl. ¶¶ 52–53; *see Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, No. 23-cv-3632, 2025 WL 1940325, at *5 (E.D.N.Y. July 15, 2025) (distinguishing *Emergency Physician Services* on the basis that the unjust enrichment claims at issue arose out of an amount due under the relevant ERISA plan). Thus, the unjust enrichment claim here does not arise out of any independent source of law or obligation apart from the Plan.

Second, Kripalani objects that the R&R failed to engage with *Rutledge v. Pharmaceutical Care Management Association*, but that decision is also distinguishable. 592 U.S. 80 (2020). *Rutledge* involved third party pharmacy benefit managers and pharmacies. There, the statute in question, which regulated pharmacies' drug dispensing and related costs, was not preempted by ERISA because the statute applied *whether or not* an ERISA plan was involved. *Id*. at 88–89; *see also*, *Rowe Plastic Surgery of New Jersey, L.L.C.*, 2025 WL 1940325, at *5 (distinguishing the unjust enrichment claims in *Rutledge* from those in *Rowe* because the claim in *Rowe* arose out of

an amount due under the Plan). By contrast, United Healthcare is named as a Defendant in this action solely because of its role as the administrator of K.R.'s ERISA Plan. *See* Compl. ¶¶ 52–53; *see also*, *Norman Maurice Rowe, M.D., M.H.A., L.L.C.*, 2024 WL 4252045, at *4 (holding that the state law claims were preempted by ERISA because "it is clear on the face of the Complaint that Plaintiff's claims derive from coverage determinations made pursuant to a health benefit plan regulated by ERISA [and] [t]he adjudication of each of Plaintiff's claims would require the Court to analyze the terms of the Plan to determine the benefits owed."). Put differently, Kripalani would not have a claim for unjust enrichment without the Plan.

Finally, Kripalani objects to the R&R's recommendation to dismiss the unjust enrichment claim as preempted by ERISA on the basis that the Complaint cannot both fail to state an ERISA claim and be preempted by it. (*See* Objs. at 6 (citing *McCulloch Orthopaedic Surgical Servs v. Aetna*., 857 F.3d 141, 143–44 (2d Cir. 2017).) However, courts in this District have found that plaintiffs lack standing to bring ERISA claims and that ERISA preempts certain state law causes of action that such plaintiffs may attempt to pursue. *See e.g., Neurological Surgery, P.C. v. Aetna Health Inc*., 511 F.Supp.3d 267, 280–291 (E.D.N.Y. 2021) (dismissing ERISA claims for lack of standing while also holding that state law claims related to the ERISA claim were expressly preempted by ERISA).

For all of these reasons, ERISA preempts Kripalani's unjust enrichment claim against United Healthcare, and this claim is therefore dismissed under Rule 12(b)(6).

C. <u>Leave to Amend</u>

Rules 15 and 16 of the Federal Rules of Civil Procedure govern a plaintiff's ability to amend the complaint, and "when read together, set forth three standards for amending pleadings

that depend on when the amendment is sought." *Sacerdote v. N.Y.U.*, 9 F.4th 95, 115 (2d Cir. 2021).

First, Rule 15(a)(1) permits "a plaintiff [to] freely amend her pleadings . . . as of right without court permission" twenty-one days after a complaint is served or twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). *Id.*

Second, after the time to amend as of right has passed—"either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)"—a plaintiff seeking to amend a complaint must either request leave from the court or obtain the opposing party's written consent. *Id.*; Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) sets forth a lenient standard under which "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-cv-02987, 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Third, Rule 15(a)(2)'s period of "liberal" amendment ends upon expiration of the date set by the court as the deadline after which no amendment will be permitted. *Sacerdote*, 9 F.4th at 115. At that point, Rule 16 also applies, and a court must balance the "liberal" amendment standard of Rule 15 with Rule 16(b)(4)'s requirement that the plaintiff show "good cause" for an extension of the deadline to amend. Fed. R. Civ. P. 16(b)(4); *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009); *see also Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (plaintiff must satisfy both Rules 15 and 16 to be permitted to amend after the deadline in the scheduling order has passed).

Because the Court has not set a deadline for amendment of the pleadings in this action, the question of whether to grant Kripalani leave to amend is analyzed under Rule 15(a)(2). "[W]hile there is no requirement that a plaintiff be given an opportunity to amend after the issuance of a decision ruling on a motion to dismiss the operative pleading, courts should generally permit amendment at least once after the district court has articulated its substantive concerns with the pleading—again, absent a finding of undue delay, bad faith, dilatory motive, or futility." *Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc.*, No. 2:23-cv-977, 2025 WL 3500645, at *8 (E.D.N.Y. Dec. 5, 2025) (Choudhury, J.) (citing *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 363 (2d Cir. 2023)).

Based on the arguments raised in Kripalani's opposition to the motion to dismiss and his objections to the R&R, it is not clear that Kripalani can cure his lack of standing to bring ERISA claims arising out of United Healthcare's alleged nonpayment of costs for medical services provided to K.R. As noted, to demonstrate standing, Kripalani must plausibly allege that he is a Plan participant or beneficiary, that K.R. granted him a valid assignment, or that United Healthcare engaged in a clear and unmistakable waiver of its ability to invoke the Plan's anti-assignment clause. *See supra* Discussion § I.A; *Murphy Med. Assocs., LLC.*, No. 24-944, 2024 WL 4656321, at 1113. Similarly, none of Kripalani's submissions suggest that the Complaint may be amended to plausibly allege that United Healthcare has been unjustly enriched by failure to pay Kripalani for the cost of K.R.'s emergency medical services in a manner that does not reference the Plan and is not connected to it such that the claim is not preempted by ERISA. (*See supra* Discussion § I.B.) Nevertheless, Kripalani has not been afforded the opportunity to amend the Complaint after the district court has articulated its substantive concerns with the pleading,

which counsels in favor of a grant of leave to amend the Complaint under Rule 15(a)(2) at this time. *Mandala*, 88 F.4th at 363; *Northwell Health, Inc.*, 2025 WL 3500645, at *8.

Accordingly, it is in the interest of justice to permit Kripalani to amend the Complaint to cure the deficiencies in the ERISA and unjust enrichment claims against United Healthcare. *See* Fed. R. Civ. P. 15(a)(2). Kripalani shall file any amended pleading by October 20, 2026.

**CONCLUSION**

For the reasons set forth above, I adopt the thorough and well-reasoned R&R in its entirety and grant United Healthcare's motion to dismiss the Complaint without prejudice. (ECF No. 18.) The ERISA claim is dismissed for lack of standing under Rule 12(b)(1). The unjust enrichment claim is dismissed as preempted by ERISA under Rule 12(b)(6).

Kripalani shall file any amended complaint by October 20, 2026 and is unlikely to be afforded any further opportunity to amend absent unforeseen and extraordinary circumstances. Any letter seeking a conference on an anticipated motion to dismiss any amended complaint shall be submitted by November 11, 2026,

Dated: Central Islip, New York
September 29, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

JAY KRIPALANI M.D. P.C.,

*Plaintiff*,

**REPORT AND**
**RECOMMENDATION**

-against-

24-CV-05671 (NJC) (JMW)

UNITED HEALTHCARE GROUP d/b/a
UNITED HEALTHCARE,
JOHN DOE 1-5, AND JANE DOE 1-5,

*Defendants*.

--------------------------------------------------------------------X

**A P P E A R A N C E S:**

Shelly Leonard
**Law Offices of Shelly A. Leonard, PC**
23 Green Street
Suite 303
Huntington, NY 11743
*Attorneys for Plaintiff*

Matthew P. Mazzola
**Robinson & Cole LLP**
666 Third Ave
Ste 20th Floor
New York, NY 10017
*Attorneys for Defendant United Healthcare*

**WICKS**, Magistrate Judge:

Plaintiff Jay Kripalani M.D., P.C. ("Plaintiff") commenced this action against Defendants United Healthcare Group d/b/a United Healthcare ("United Healthcare"), John Does 1-5 and Jane Does 1-5[1] (collectively, the "Defendants") seeking to recover reimbursement payments due following Dr. Kripalani's performance of medical services on non-party patient K.R. ("K.R.").

[1] "John Does 1-5 and Jane Does 1-5" have not been identified nor have any appeared thus far.

(*See* generally ECF No. 1.) These claims are brought pursuant to 29 U.S.C. §§ 1001 *et seq.*, the Employment Retirement Income Security Act ("ERISA"), 42 U.S.C. § 300gg-19a, 26 CFR § 54.9815-2719A, as well as New York common law for unjust enrichment. (*Id.*) Before the Court by way of referral from the Hon. Nusrat J. Choudhury is United Healthcare's Motion to Dismiss all claims in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 18). Plaintiff opposed the motion (ECF No. 18-4), and United Healthcare filed its reply (ECF No. 18-5). For the reasons set forth below, the undersigned respectfully recommends that the Motion to Dismiss (ECF No. 18) be **GRANTED**.

## BACKGROUND

### I. Factual Background

The following allegations are drawn from Plaintiff's Complaint (ECF No. 1) and are assumed true for the purposes of this Motion to Dismiss. Plaintiff is a New York professional corporation, with its principal place of business in Carle Place, New York, that provides medical services. (*Id.* at ¶¶ 5, 13.) Defendant United Healthcare is a medical benefits administrator, incorporated in Delaware with its principal place of business in Atlanta, Georgia. (*Id.* at ¶¶ 6, 16.) The remaining Defendants, John Does 1-5 and Jane Does 1-5, "are persons or entities [unknown] at this time, who are representatives or related entities to [United Healthcare] and/or acting on behalf of same." (*Id.* at ¶ 7.) K.R. is a Florida resident, who is insured by United Healthcare and on August 17, 2021, received emergency medical services from Plaintiff's representative, Dr. Jay Kripalani in New York. (*Id.* at ¶¶ 8, 18.)

Plaintiff alleges that Defendants have been unjustly enriched and have violated ERISA for failure to properly reimburse Plaintiff. (*Id.* at ¶ 11.) Specifically, United Healthcare is in violation of ERISA as "a health plan administrator's duty vis-à-vis a self-funded plan for an out-

of-network provider, for emergency medical services provided to the Patient by the Plaintiff." (*Id.*) K.R. through employment was insured by United Healthcare and would have its medical services paid directly by its employer. (*Id.* at ¶ 12.) "Plaintiff is an out-of-network health care provider as it relates to the Defendant." (*Id.* at ¶ 13.) Plaintiff alleges that United Healthcare acts as an administrator "of a self-funded health plan maintained by the [K.R.'s] employer and authorizes, processes and pays health claims to providers." (*Id.* at ¶ 14.) United Healthcare is an independent licensee of the United Healthcare Group, and medical benefits administrator, thus, acts as a fiduciary for the K.R.'s employer. (*Id.* at ¶¶ 15-16.) K.R. was in the hospital between August 17, 2021, and October 13, 2021, for an emergency. (*Id.* at ¶ 17.) (The self-funded benefit plan is hereinafter referred to as "the Plan".)

During that time, Plaintiff was on-call and provided emergency services and continued services, as shown in K.R.'s medical charts. (*Id.* at ¶¶ 18-19.) Plaintiff billed the usual and customary charges to United Healthcare in the amount of $1,536,884.00 ("Billed Amount"). (*Id.* at ¶¶ 20-21.) It "is customary in the health care insurance industry, upon a billing by out-of-network providers, either the administrator for the insurance companies or insurance companies themselves, commence a negotiation process, where the paid amounts are different than those for an in-network provider rate." (*Id.* at ¶ 22.) That is what happened here. (*Id.* at ¶ 23.) There were several calls of negotiations between Plaintiff and United Healthcare. (*Id.* at ¶ 24.) During these calls, United Healthcare "made a random and arbitrary payment in the total amount of 15,910.70 to the Plaintiff." (*Id.* at ¶ 25.) After that payment was made, Plaintiff and representatives of K.R. contacted United Healthcare "to make full and proper reimbursement to the Plaintiff for the services provided." (*Id.* at ¶ 26.) Yet, United Healthcare has not reimbursed or made the "proper"

payment to Plaintiff. (*Id.* at ¶ 27.) Plaintiff alleges that "the usual and customary charge … remaining due to the Plaintiff is $1,520,973.30 ('Amount Due')." (*Id.* at ¶ 28.)

Therefore, Plaintiff seeks damages for not less than $1,520,973.30, plus interest, costs and disbursements related to this action, alleging the following causes of action: (i) Violation of ERISA and (ii) unjust enrichment. (*Id.* at 5-8.)

## II. Procedural History

On August 14, 2024, Plaintiff commenced this action. (ECF No. 1.) United Healthcare thereafter filed its pre-motion conference request for an anticipated motion to dismiss (ECF No. 8), which Plaintiff opposed (ECF No. 9). Judge Choudhury waived the pre-motion conference and set a briefing schedule. (ECF No. 10.) After several extensions, the parties filed their moving papers on December 18, 2024 in which United Healthcare moves to dismiss all of Plaintiff's claims under the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 18.) On December 30, 2024, a joint motion was filed to stay discovery pending the resolution of the instant motion, which the undersigned granted. (ECF Nos. 19-20.) On May 7, 2025, Judge Choudhury referred the instant motion to the undersigned for a Report and Recommendation. Oral Argument on the Motion was held on July 28, 2025. (ECF No. 25.)

## LEGAL FRAMEWORK

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.”)).

“The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.” *Annabi v. New York Univ.*, No. 24-cv-2601, 2025 WL 1066083, at *1 (2d Cir. Apr. 9, 2025) (quoting *Iqbal*, 556 U.S. at 678). To that end, complaints are properly dismissed where, as a matter of law, “the allegations in a complaint, however true, could not raise a claim of entitlement to relief.” *Twombly*, 550 U.S. at 558. When considering a motion to dismiss under 12(b)(6), the Court must assume all well-pleaded facts to be true, “drawing all reasonable inferences in favor of the plaintiff.” *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, this tenet does not apply to legal conclusions or “threadbare recitals of a cause of action's elements.” *Iqbal*, 556 U.S. at 663. Pleadings that offer only “labels and conclusions” or “a formulaic recitation of the elements of a cause of action will not do.” *Twombly*, 550 U.S. at 555. More is required. Put differently, “while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. … Factual allegations must be enough to raise a right to relief above the speculative level. To survive dismissal, a complaint must provide enough facts to state a claim to relief that is plausible on its face.” *Go New York Tours Inc. v. Gray Line New York Tours, Inc.*, No. 24-cv-2392, 2025 WL 947083, at *2 (2d Cir. Mar. 27, 2025) (quoting *Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013)).

Moreover, generally on a motion to dismiss, the Court is restrained to review only “the allegations contained within the four corners of [the] complaint.” *Kernan v. New York State Dep't of Fin. Servs.*, No. 13-CV-3196(JS)(ARL), 2015 WL 13741858, at *4 (E.D.N.Y. July 15,

2015) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F. 3d 67, 71 (2d Cir. 1998)). Yet, this "include[s] any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken." *Id.* (collecting cases); *see also Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) (internal quotations omitted) (Courts "may review only a narrow universe of materials," such as "facts stated [in] the complaint, documents appended to the complaint or incorporated … by reference, ... [and] "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless 'integral' to the complaint.")

## DISCUSSION

Defendants submit the Plan as an exhibit in support of their moving papers. (ECF No. 18-2.) Plaintiff in its opposition papers did not object.[2] At oral argument, however, Plaintiff vigorously opposed the Court considering the Plan document itself on the motion to dismiss. (ECF No. 25.) Plaintiff asserts that not enough is pled in the Complaint to incorporate the Plan by reference and that more discovery is needed.[3] (*Id.*) Review of the Complaint, however, tells a far different tale.

*First*, subject matter for the action itself is predicated on federal question, 28 U.S.C. § 1331, "pursuant to 29 U.S.C. §§ 1001 *et seq*., [ERISA]". (ECF No. 1, at 1.) *Second*, the Plan itself is mentioned no less than four times in the Complaint (*see* ECF No. 1 at ¶¶ 8 ("Defendant's health insurance plan"), 12 ("Patient . . . maintains a self-funded health plan"),14 ("Defendant is

[2] Plaintiff in its opposition simply noted "Plaintiff believes that the Plan Description is outside the four corners of the Complaint and is not appropriate for consideration on a Motion to Dismiss. The Complaint does not rely upon nor mention the Plan Description. To the extent that the Court is inclined to consider it, Plaintiff." (ECF No. 18-4 at 8, n.1.) Absent a complete statement, the Plaintiff's argument is without merit.

[3] Other than genera, vague references that further discovery is needed, Plaintiff did not articulate specific areas or topics of discovery needed either in the opposition papers or at oral argument.

acting as an administrator of a self-funded health plan maintained by the Patient's employer"), and 46 ("Plaintiff . . . was insured by a self-funded Plan administered by Defendant"), and finally, the Complaint refers to "administrators of a self-funded plan" throughout its first cause of action. (*Id.* at. ¶¶ 30-32.)

In cases brought under ERISA, courts routinely consider plan documents integral to the complaint and therefore are considered on motions to dismiss. *See e.g.*, *Nathaniel L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 22-CV-971 (BKS) (ATB), 2023 WL 3318489, at *3 (N.D.N.Y. May 9, 2023) ("[C]ourts routinely find that ERISA plan documents are integral to the complaint and therefore may be considered in deciding a motion to dismiss."); *Cent. States, Se. & Sw. Area Health, & Welfare Fund v. Gerber Life Ins. Co.*, 984 F. Supp. 2d 246, 249 (S.D.N.Y. 2013), *aff'd sub nom. Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150 (2d Cir. 2014) (internal citations and quotations omitted) ("Specifically in the ERISA context, [b]ecause the Plan is directly referenced in the complaint and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss."); *Da Silva Plastic & Reconstructive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 22-CV-07121 (NCM) (JMW), 2025 WL 240917, at *8 (E.D.N.Y. Jan. 17, 2025) (explaining that a plan or documents thereto are "'integral to the complaint and are specifically referenced in th[e] pleading,' [thus,] courts may properly consider such documents in deciding a motion to dismiss.") This is particularly appropriate when Plaintiff relies upon an ERISA-regulated Plan to invoke the Court's jurisdiction like here. As such, the Court considers both the Complaint and the Plan itself on the motion.

## I. **The First Cause of Action: *Violation of ERISA***

Plaintiff asserts a claim under ERISA. (ECF No. 1 at 5.) Specifically, the Complaint alleges that 42 U.S.C. § 300gg-19a and 26 CFR § 54.9815-2719A provides patient protections and outlines United Healthcare's responsibilities as an administrator of a self-funded plan, when like here, K.R. received emergency medical services from an out-of-network provider. (*Id.* at ¶ 30.) Plaintiff alleges these patient protections are important since the patient, K.R. here, "does not have control of the providers at a hospital in an emergency setting." (*Id.* at ¶ 33.) Given these protections, United Healthcare violated ERISA and breached its duty as a fiduciary to negotiate and ensure proper payment for their usual and customary charges. (*Id.* at ¶¶ 34-42.)

It is beyond peradventure that a claim for an ERISA violation may only be pursued by a limited group of plaintiffs, namely, either a plan participant, beneficiary, or by or through an assignment. *See Da Silva Plastic & Reconstructive Surgery*, 2025 WL 240917, at *6. ERISA expressly provides that a civil matter can be brought by a participant or beneficiary to recover benefits. 29 U.S.C. §1132(a)(1)(b). In other words, as Judge Natasha Merle recently stated,

> [u]nder Section 502(a)(1)(B), only participants or beneficiaries of a benefits plan can sue to recover benefits due, enforce rights, or clarify rights to future benefits. A beneficiary is a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. A participant is "any employee or former employee who is or may become eligible to receive a benefit of any type from an employee benefit plan. Outside of those two categories, medical providers may bring claims under Section 502(a) based on a valid assignment from a patient. To do so, the provider must plausibly plead the existence and scope of a valid assignment to confer derivative standing under ERISA.

*Da Silva Plastic & Reconstructive Surgery*, 2025 WL 240917, at *8 (internal citations and quotations omitted).

Therefore, the Court is required to find whether Plaintiff has met the mandatory definition of either a (i) participant, (ii) beneficiary, or (iii) an assignee in order to have standing to pursue the claim.

### *A. **Standing under ERISA***

"To maintain an ERISA action, a plaintiff must … 'assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty *and* identify a statutory endorsement of the action.'" *Karkare on behalf of JN v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Loc. 580*, 140 F.4th 60, 64 (2d Cir. 2025) (quoting *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)) (emphasis in original); *see also Da Silva Plastic & Reconstructive Surgery*, 2025 WL 240917, at *6 (quoting *Am. Psychiatric Ass'n*, 821 F.3d at 359) (same). "To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the plaintiff is a *participant or beneficiary* of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan." *Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 16 (2d Cir. 2011) (emphasis added) (citing *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009)).

Plaintiff does not rely on "participant or beneficiary" status. Indeed, Plaintiff does not cite to or even reference a specific ERISA provision. Rather, Plaintiff relies on two statutes, 42 U.S.C. § 300gg-19a,[4] which is a Public Health and Welfare subchapter to Title 42, and 26 C.F.R. § 54.9815-2719A,[5] another subchapter to Title 26 of the Internal Revenue Code. Neither of

---

[4] 42 U.S.C. § 300gg-19a in relevant part provides: "If a group health plan, or a health insurance issuer offering group or individual health insurance issuer, provides or covers any benefits with respect to services in an emergency department of a hospital, the plan or issuer shall cover emergency services … in a manner so that, if such services are provided to a participant, beneficiary, or enrollee … services will be provided without imposing any requirement under the plan for prior authorization of services or any limitation on coverage where the provider of services does not have a contractual relationship with the plan for the providing of services that is more restrictive than the requirements or limitations that apply to emergency department services received from providers who do have such a contractual relationship with the plan." 42 U.S.C. § 300gg-19a(b)(1).

[5] 26 CFR § 54.9815-2719A in relevant part provides: "If a group health plan, or a health insurance issuer offering group health insurance coverage, provides any benefits with respect to services in an emergency department of a hospital, the plan or issuer must cover emergency services …. A plan or issuer subject to

which are found in ERISA. In the Complaint, Plaintiff alleges that these two statutes read together "provide that for emergency medical services at a hospital by out-of-network provider, the patient needs to be protected, such that the patient should not pay more than what they would have paid if [an] in-network doctor provided the services." (ECF No. 1 at ¶ 33.) Since Plaintiff neither pleads or argues that it is a plan participant or beneficiary, the remaining question is whether by or through assignment Plaintiff may pursue the claim.

***B. <u>No Valid Assignment or Waiver is Alleged</u>***

Although the Second Circuit has carved out a narrow exception for ERISA standing to allow providers to pursue claims under a valid assignment, that "carve out, however, is not applicable here as Plaintiff does not allege that it obtained an assignment of benefits from the Patient to the Plaintiff." *See* ECF No. 18-3 at 9 (citing *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 146 (2d Cir. 2017)). "[W]hile we have recognized a limited exception permitting physicians to bring claims under [section] 502(a) based on a valid assignment from a patient, we have also concluded that ERISA-governed plans may preclude their beneficiaries from making such assignments." *Karkare*, 140 F.4th at 63 (internal citations and quotations omitted). Plaintiff claims that an assignment provides standing (ECF No. 18-4 at 6-7), yet there is an absence of any allegations of the existence of an express assignment from K.R. to Plaintiff. (*Id.* at 6.). Rather, Plaintiff advanced at oral argument that there was an "implied assignment" based upon the nature of the "emergency services" rendered to K.R. and also, because partial payments were made by Defendant. (ECF No. 25.) However, neither circumstance creates standing to

---

the requirements of this paragraph (b) must provide coverage for emergency services in the following manner … (iii) If the emergency services are provided out of network, without imposing any administrative requirement or limitation on coverage that is more restrictive than the requirements or limitations that apply to emergency services received from in-network providers." 26 CFR § 54.9815-2719A(b)(2)(iii).

pursue claims for ERISA violations. And the fatal flaw in Plaintiff's argument is the existence of an anti-assignment clause in the Plan, that reads:

> The Medical Plan prohibits assignment of benefits. All rights to benefits under the Medical Plan are personal to you. Your rights and benefits under the Medical Plan cannot be assigned, sold, or transferred to a third party, including your health care provider. This includes your right to payment or reimbursement for benefits under the Medical Plan and your right to file a lawsuit to recover benefits due to you under the Medical Plan. Any purported assignment of rights or benefits is void and will not be recognized by the Medical Plan. The Claims Administrators may issue payments directly to your providers for covered services you receive (whether or not pursuant to an authorization). *The Claims Administrators' payment to your provider, however, does not create an assignment of benefits and it will not constitute a waiver of the application of this anti-assignment provision*. The prohibition of assignments does not take away your ability to designate an Authorized Representative (described above) to file claims for benefits or to file appeals as part of the Medical Plan's internal claims and appeals process.

ECF No. 18-2 at 144 (emphasis added).

The plain language of the anti-assignment clause makes clear that even if K.R. assigned rights to Plaintiff -- which has neither been pleaded or argued -- it would be void. Courts have relied on similar clauses in dismissing like cases. *See, e.g., Neurological Surgery, P.C. v. Aetna Health Inc.,* 511 F. Supp. 3d 267, 282–87 (E.D.N.Y. 2021) (analyzing different anti-assignment provisions and finding Plaintiff had no standing); *see also Merrick v. UnitedHealth Grp. Inc.*, 175 F. Supp. 3d 110, 120 (S.D.N.Y. 2016) ("[T]he patients' assignments to Plaintiffs are void pursuant to the unambiguous language of the provision."); *Da Silva Plastic & Reconstructive Surgery*, 2025 WL 240917, at *8 (quoting *McCulloch*, 857 F.3d at 147) ("An ERISA plan that includes an unambiguous anti-assignment provision renders any alleged assignment 'ineffective – a legal nullity.'") Thus, even though partial payment was made, that partial payment would not constitute a waiver under the clear terms of the anti-assignment clause. (*Id.*)

Plaintiff relies heavily on a similar case where the Court there held -- on a motion to dismiss -- that Plaintiff's ERISA claims could proceed because there was an implied assignment.

*See Jay Kripalani M.D., P.C. v. Indep. Blue Cross*, No. 23-CV-04225 (NRM) (ARL), 2024 WL 4350492, at *10 (E.D.N.Y. Sept. 30, 2024) (Morrison, J.) ("Plaintiff has established that he is entitled to proceed with his ERISA claim because he has adequately pled facts that, taken in the light most favorable to him, Defendant consented to the implied assignment of his claim").

The Complaint here has no allegations of an implied assignment, and Plaintiff in effect argues that the anti-assignment provision has been waived. This fails for a several reasons. In the case before Judge Morrison, the Complaint included allegations that the parties had a "few rounds of telephone negotiations" and that those "negotiations culminated and Defendant agreed to a total payment of $259,979.20 to Plaintiff for the Services." (*See* Case No. 23-CV-04225, ECF No. 1 at ¶¶ 27-28.) Here, the allegations include only that the parties had a "few rounds of telephone negotiations" and no mention of an agreed upon bargain as with the prior case. (*See* ECF No. 1 at ¶¶ 24-25.) There was also a written agreement between the parties, which is concededly absent here. (ECF No. 25.)

As for Plaintiff's primary argument of partial payment waiver, courts in this Circuit have consistently rejected this very argument. (ECF Nos. 18-4 at 7-8; 25.) *See Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d at 286 (citing *Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.*, 2019 WL 1409806, at *10–11 (S.D.N.Y. Mar. 28, 2019) (discussing that cases from the Third Circuit, District of New Jersey, and Southern District of New York, reject the "partial payment" waiver argument)). That is because in order to effective a valid waiver, there must be evidence of a clear intent "to relinquish [a] known right." *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d at 285–86 (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 585 (2d Cir. 2006)); *see also Da Silva Plastic & Reconstructive Surgery, P.C*, 2025 WL 240917, at *10 (quoting *Beth Israel Med. Ctr.*, 448 F.3d

at 585) ("Under ERISA, a waiver must be 'voluntary and intentional,' and requires a 'clear manifestation or an intent ... to relinquish [a] known right[,] which is not 'mere silence, oversight or thoughtlessness.'").

Nothing in the Complaint or the Plan evinces a waiver of the anti-assignment clause. Indeed, the anti-assignment clause is ignored in the Complaint. *See Da Silva Plastic & Reconstructive Surgery, P.C.*, 2025 WL 240917, at *9 ("However, the SAC does not plausibly suggest that defendants voluntarily or intentionally, much less clearly, relinquished their rights under active anti-assignment clauses. On the contrary, it pleads a course of dealing that has commonly been found not to sacrifice anti-assignment rights.") Accordingly, since Plaintiff is not a plan participant or beneficiary, and there is no valid assignment, Plaintiff lacks standing to pursue an ERISA claim and therefore it is recommended that the first cause of action be dismissed.[6]

## II. Plaintiff's Unjust Enrichment State Claim

Concluding that the ERISA claim should be dismissed, there must be an independent ground for the Court to consider the unjust enrichment claim. Since jurisdiction was predicated on federal question by reason of the ERISA claim, an independent basis for jurisdiction must exist. The original subject matter jurisdiction of this Court is limited and set forth in 28 U.S.C. §§ 1331 and 1332. "[A] federal district court has original subject matter jurisdiction only when a 'federal question' is presented or, if the plaintiff is asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States

---

[6] United Healthcare also argues that under 42 U.S.C. §300gg–19a, there is no private right of action, which Plaintiff disputes and argues that without a private right of action, "the statute is rendered meaningless." (ECF Nos. 18-3 at 13; 18-4 at 18.) Likewise United Healthcare points to the administrative remedies that must first be undertaken prior to litigation. (ECF No. 18-3 at 2.) However, the undersigned does not reach this point after a finding that Plaintiff has no standing because it would not change the ERISA analysis.

and the amount in controversy exceeds the sum or value of $75,000." *Juravel v. Sigal*, No. 1:23-cv-10550, 2024 WL 218381, at *2 (S.D.N.Y. Jan. 19, 2024).

Here, complete diversity exists and the amount in controversy is satisfied. As alleged, Plaintiff is a New York corporation with its principal place of business in Carle Place, New York and United Healthcare is incorporated in Delaware with its principal place of business in Georgia. (ECF No. 1 at ¶¶ 3, 5-6.) "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Bryson v. Uber Techs., Inc.*, No. 23-CV-00381 (HG), 2024 WL 356727, at *1 (E.D.N.Y. Jan. 30, 2024) (quoting 28 U.S.C. § 1332(c)(1)). For diversity purposes, a corporation's "'principal place of business' is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities .... [and] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the action center of direction, control, and coordination.'" *Id.* (quoting *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010))); *see also 21st Mortg. Corp. v. Davis*, No. 25-CV-605 (NJC) (LGD), 2025 WL 1177643, at *3 (E.D.N.Y. Apr. 23, 2025) (quoting *RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-CV-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction.")) Plaintiff has done more by adding the parties' addresses and establishing Plaintiff and Defendant are from different states. Moreover, Plaintiff seeks damages in the amount of $1,520,973.30, plus interest, exceeding the amount in controversy threshold. (ECF No. 1 at ¶ 28.)

The Court next reviews the substantive claim of unjust enrichment to determine if it survives dismissal. As pled, Defendants are claimed to have benefitted as a result of not turning over the Amount Due. (ECF No. 1 at ¶ 53.) Plaintiff claims that it is entitled to the "usual and customary charges for the Services provided to [K.R.]" because United Healthcare "receives premiums from [K.R.], which among other things, are towards the administering, processing and paying the benefits for health claims submitted to Defendant on behalf of [K.R.'s employer]. (*Id.* at ¶¶ 47-48.) By not paying these usual charges, United Healthcare wrongfully possesses the Amount Due. (*Id.* at ¶¶ 49-50.)

ERISA § 514(a) states that that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144. The Second Circuit has provided clear guidance as to whether Plaintiff's state law claims are preempted by ERISA when, as here, the claims relate to a patient's ERISA plan. *Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, No. 23-cv-1134, 2024 WL 2813721 at *2 (2d Cir. June 3, 2024). In *Park Ave.*, the Court stated:

> Section 514(a) provides that ERISA supersedes or preempts all state laws insofar as they relate to any employee benefit plan. The Supreme Court has explained that this means ERISA also preempts state common law claims that seek to rectify alleged improper processing of a claim for benefits under ERISA-regulated plans. … A state law relates to an ERISA plan if it has a connection with or reference to such a plan, or when the existence of a plan is a critical factor in establishing liability.

*Id.* (internal citations and quotations omitted) (cleaned up).

Here, the claim of unjust enrichment is connected to the Plan as Plaintiff alleges it performed emergency services on K.R., who was insured under Defendant's Plan. (ECF No. 1 at ¶ 46.) Plaintiff further alleges that "Defendant receives premiums from the Patient, which among other things, are towards the administering, processing and paying the benefits for health

claims submitted to Defendant on behalf of the Employer." (*Id.* at ¶ 48.) With that, this claim is preempted by ERISA. *See Rowe Plastic Surgery of Long Island, P.C. v. United Health Care*, No. 23-CV-04541 (JMA) (JMW), 2025 WL 1715445, at *5 (E.D.N.Y. May 6, 2025), *report and recommendation* (collecting cases granting motions to dismiss or denying motions to amend due to ERISA preemption).

This is consistent with the approach taken by many Courts that have found that state law claims are preempted when such claims relate to an ERISA plan. *See e.g.*, *Neurological Surgery, P.C. v. Siemens Corp.*, No. 17-CV-3477 (ADS) (AKT), 2017 WL 6397737, at *5 (E.D.N.Y. Dec. 12, 2017) (preempting state law claims including unjust enrichment, concluding that "all of the Plaintiffs state common law claims relate to the Plan and seek to rectify an alleged wrongful denial of benefits"); *Rowe Plastic Surgery of New Jersey, L.L.C. & East Coast Plastic Surgery, P.C., Plaintiffs, v. Aetna Life Insurance Co., Defendant.*, No. 23-CV-3632 (SJB) (LKE), 2025 WL 1940325, at *6 (E.D.N.Y. July 15, 2025) (same) ("all five of the claims in the proposed Amended Complaint—and indeed all four of the claims in the operative Complaint—would 'require payment of specific benefits' under an ERISA plan; and the relationship between the parties would not exist but for the presence of an ERISA plan, making it a 'critical factor in establishing liability'"); *Cooperman v. Empire HealthChoice HMO, Inc.*, No. 24-CV-00866 (JLR), 2025 WL 950675, at *17 (S.D.N.Y. Mar. 28, 2025) ("the benefit conferred is plainly premised on the existence of the Plan, because 'where a healthcare provider claims unjust enrichment against an insurer, the benefit conferred, if any, is ... the discharge of the obligation the insurer owes to its insured'"); *Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. UnitedHealthcare Serv., LLC*, No. 23-CV-0516 (OEM) (ARL), 2024 WL 4252045, at *4 (E.D.N.Y. Sept. 20, 2024) (collecting cases on ERISA preemption).

If, however, the District Judge disagrees with the conclusion that the unjust enrichment claim is preempted, then the undersigned analyzes whether the Complaint states a claim. Specific to unjust enrichment claims, the Second Circuit explained:

> to recover under a theory of unjust enrichment, the plaintiff must show that the services were performed "for the defendant," and not at the "behest of someone other than the defendant." *Kagan v. K-Tel Ent., Inc.*, 568 N.Y.S.2d 756, 757 (N.Y. App. Div. 1991). The Providers make no allegations that [Defendant] requested their services. Because the surgery was completed at the patient's request, the Providers must recover from the patient, not [Defendant]. *See Kagan*, 568 N.Y.S.2d at 757 (explaining that where services are provided at the "behest of someone other than the defendant, the plaintiff must look to that person for recovery."). For these two reasons, the Providers fail to sufficiently plead an unjust enrichment claim.

*Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128 at *4 (2d Cir. Sept. 27, 2024) ("Rowe").

An unjust enrichment claim under New York law requires a plaintiff to prove that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover. *Columbia Mem'l Hosp. v. Hinds*, 192 N.E.3d 1128, 1137 (N.Y. 2022); *see also Manalapan Surgery Ctr., P.A. v. 1199 SEIU Nat'l Benefit Fund*, No. 23-CV-03525 (DG) (JAM), 2025 WL 813610, at *9 (E.D.N.Y. Mar. 12, 2025) (quoting *Ashland Inc. v. Morgan Stanley & Co.*, 652 F.3d 333, 339 (2d Cir. 2011)) (same). Ordinarily, Plaintiff's claim would fail as it would not make it past the first element because as outlined in *Rowe*, such medical services must be performed for the defendant. *Rowe*, 2024 WL 4315128 at *4.

Plaintiff points to a line of cases recognizing unjust enrichment claims in connection with emergency services. (ECF No. 18-4 at 14-17); *see Jay Kripalani M.D., P.C.*, 2024 WL 4350492, at *7 (citing *New York City Health & Hosps. Corp. v. Wellcare of N.Y., Inc.*, 937 N.Y.S.2d 540, 544 (N.Y. Sup. Ct. 2011) (an almost identical case) ("an insurer may be liable for unjust enrichment if it fails to pay a provider for costs incurred in rendering emergency services. This is

so because medical providers are required by federal law — namely, the Emergency Medical Treatment and Active Labor Act ("EMTALA") — to provide emergency care to patients without regard to insurance.")). This is because "New York courts have drawn a clear distinction between unjust enrichment cases involving emergency medical services, and those involving elective medical services." *AA Med., P.C. v. Centene Corp.*, No. 21-CV-5363 (JS) (ST), 2023 WL 5670682, at *4 (E.D.N.Y. June 30, 2023) (citing *Wellcare*, 937 N.Y.S.2d 540 (N.Y. 2011) (this case dealt with non-ERISA matters). "'[W]hen a provider brings an unjust enrichment claim against an insurer after it provides *voluntary or elective* medical services to the insured, it must demonstrate that services were performed for the defendant resulting in its unjust enrichment' and '[i]t is not enough that the defendant received a benefit from the activities of the plaintiff' and noting in contrast, 'when a provider brings an unjust enrichment claim against an insurer after it provides *emergency* medical services to the insured, it need not make the same showing.'" *Manalapan Surgery Ctr., P.A.*, 2025 WL 813610, at *9 (quoting *Jay Kripalani M.D., P.C.*, 2024 WL 4350492, at *8) (emphasis in original) (finding that the unjust enrichment claim was not preempted as the allegations were not related to an ERISA plan; however, the claim was dismissed for failure to state a claim); *see also Jay Kripalani M.D., P.C.*, 2024 WL 4350492, at *7-8 (stating that when an unjust enrichment claim is adequately pled and does not refer to ERISA plan, it may proceed).

Plaintiff argues that United Healthcare was unjustly enriched when Plaintiff had no choice but to perform emergency services as required by law without full compensation. (ECF No. 18-4 at 17.) That allegation satisfies the first two prongs of the claim. As for the third, Plaintiff states that "it would be 'inequitable to permit the defendant to retain that which is claimed by the plaintiff' because, under EMTALA, providers are entitled to rely on the prospect

of full payment of costs to serve emergency patients without first inquiring into their insurance coverage." (*Id.*) Following the line of cases cited above, Plaintiff has adequately pled an unjust enrichment claim to the extent the District Judge concludes that such claim is not preempted by ERISA due to this claim's connection with the Plan.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss (ECF No. 18) be **GRANTED** and the claims be dismissed *with prejudice*.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

Dated: Central Islip, New York.
July 31, 2025

**RESPECTFULLY RECOMMENDED**,

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge